UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARIE JOANNIE VAN DYKE,<br>Plaintiff,<br>v.<br>NANCY A BERRYHILL,<br>Defendant. | Case No. 18-cv-02144-RMI<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

This case was filed on April 10, 2018. (Doc. 1.) The summons and complaint were served on Defendant on July 23, 2018, and both parties have consented to magistrate judge jurisdiction. (Docs. 6, 10, 11.) On October 23, 2018, the court entered an order in which it took judicial notice of the fact that Plaintiff's counsel of record, Kenneth J. Collins, was deceased and explained that the case cannot proceed without a designated legal representative for Plaintiff. (Doc. 12.) The court therefore ordered Plaintiff, within thirty (30) days, to either: 1) file a notice of appearance, informing the court that she intends to proceed *pro se*, representing herself in this matter, or 2) obtain other counsel and have them file a notice of appearance in the case. The court expressly cautioned Plaintiff that her failure to comply with the order would result in dismissal of this case without prejudice. The court served the order at the only address it had for Plaintiff: the office of her deceased counsel. More than sixty days have passed since the court issued its order and no response has been received from Plaintiff.

"In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

(4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), quoting *Thompson v. Housing Auth.*, 782 F.2d at 829, 831 (9th Cir. 1986); s*ee Pagtalunan v. Galaza,* 291 F.3d 639, 640 (9th Cir. 2002) (confirming application of factors).

In this instance, Plaintiff's abandonment of her case controls the five factors set forth in *Ferdik*. Although public policy favors disposition of cases on their merits, Plaintiff's utter failure to litigate this case makes it impossible for the court to proceed. The court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to Defendant all weigh in favor of dismissal. The court has waited more than six months for Plaintiff to obtain counsel and litigate this case, yet she has not done so. She has failed to respond to the court's order and has not otherwise communicated with the court. There are no less drastic alternatives available.

Accordingly, IT IS HEREBY ORDERED that this case is dismissed without prejudice for failure to obey a court order and failure to prosecute.

**IT IS SO ORDERED.**

Dated: January 11, 2019

ROBERT M. ILLMAN
United States Magistrate Judge